**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILGENS PIERRE,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 21-308<br><br>Agency No.    A209-869-960<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2023[**]
Pasadena, California

Before: LEE, BRESS, MENDOZA, Circuit Judges.

Wilgens Pierre, a native and citizen of Haiti, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge (IJ) order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the BIA's decision for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (internal quotation and alterations omitted). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supports the BIA's denial of Pierre's applications for asylum and withholding of removal. To be eligible for asylum, a petitioner must demonstrate a "likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma*, 9 F.4th at 1059 (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, the petitioner must show a "clear probability" of such harm. *Id.* (quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003)).

An asylum or withholding applicant has the burden of demonstrating his "membership in [a] particular social group." *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 223 (BIA 2014)). Though "landownership may form the basis of a particular social group," *Cordoba v. Holder*, 726 F.3d 1106, 1114 (9th Cir. 2013), the BIA reasonably concluded that Pierre failed to demonstrate membership in the proposed

2

particular social group of "Haitian Landowners Targeted by Other Haitian Individuals to Dispossess Them of Their Land." Pierre failed to demonstrate that he owned land in Haiti. On the contrary, he testified that the land he was allegedly forced to abandon was titled in his mother's name. Although he suggested that he was involved in the sale of the land after his mother's death, he conceded that he never owned it. The BIA therefore reasonably concluded that Pierre failed to establish persecution based on his membership in a particular social group. The record does not compel a contrary conclusion.

2.      Pierre failed to make any argument or cite any authority regarding CAT protection in his opening brief. Any challenge to the BIA's determination on that issue is therefore waived. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996). Regardless, substantial evidence supports the BIA's denial of CAT relief. Pierre has not alleged any past harm rising to the level of torture and the record does not support that he is likely to be tortured if removed to Haiti. The BIA thus reasonably concluded that Pierre has not satisfied his burden for CAT protection. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (holding that an applicant seeking relief under the CAT must establish that he "will more likely than not be tortured with the consent or acquiescence of a public official if removed to h[is] native country").

**PETITION DENIED.**